## ELIJA MILLER v. THE STATE.

### No. 3660.   Decided January 30, 1907.

**Burglary With Intent to Rape—Sufficiency of Evidence.**

Where upon trial of burglary with intent to commit rape, the evidence showed that defendant saw the prosecutrix in her room, went to the door and without her consent opened the same, and that prosecutrix ran in an adjoining room and grabbed a pistol and finally ran out of the house; and there was no other felonious intent shown except that of an attempt to rape, the conviction was sustained.

Appeal from the District Court of Ellis.  Tried below before the Hon. J. E. Dillard.

Appeal from a conviction of burglary with intent to rape; penalty, two years imprisonment in the penitentiary.

The prosecutrix testified that she saw defendant as she sat by the window in the kitchen through the window; that he passed by looking at her through the window; that she became frightened and left said room to go into another, and the defendant disappeared; that he returned and raised the latch of the door and entered the house through the kitchen, making two or three jumps towards her, that she took the pistol and pointed it at him and he opened the door and jumped out; and the prosecutrix ran out and got out of the reach of defendant. She was alone, but her husband soon returned.  This occurred in daytime.

*Tom P. Whipple,* for appellant.

*F. J. McCord,* Assistant Attorney General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary with intent to rape, and his punishment assessed at two years confinement in the penitentiary.

The first count of the indictment charged an attempt to rape; the second charged burglary with intent to commit rape.  The jury convicted appellant under the latter count.  The only grounds in the motion for new trial are that the verdict of the jury is contrary to the law and the evidence.  The evidence shows in substance that the defendant saw the prosecutrix in her home; went to the door without her consent and opened same, and prosecutrix run into an adjoining room and grabbed a pistol, defendant following her; prosecutrix pointed a pistol at appellant, same not being loaded, which fact, however, appellant did not know, and then prosecutrix becoming further alarmed ran out of the house, thereby getting out of the reach of appellant. Appellant took nothing out of the house, though there was no one in it to prevent him doing so.  No evidence of any other felonious intent is shown except an attempt to rape the prosecutrix.  We think the

evidence is sufficient to support the conviction, and that he burglariously entered the house by opening the door and pursued the woman with the intent to have carnal knowledge with her is abundantly established. Finding no error in the record, the judgment is affirmed.

*Affirmed.*