MORRIS LAWRENCE WHIDDON V. STATE.

No. 26,823. February 24, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 14, 1954.

*Alex P. Pope,* Tyler, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the subsequent offense of driving while intoxicated, as denounced by Art. 802b, P.C., and his punishment was assessed at six months in jail.

It is contended that the indictment does not charge an offense because it does not sufficiently describe the offense for which the prior conviction was had.

The primary offense charged that appellant, while intoxicated, drove a motor vehicle upon a public highway. The averments as to the prior conviction were that appellant had been convicted on the 19th day of January, 1948, in the county court of Lynn County, Texas, of an offense of like character, "to-wit, Driving While Intoxicated, a misdemeanor, in Cause No. 2275, * * * in said last named court."

It was not necessary to set out the previous conviction with the same particularity as was charged in the original complaint and information. The indictment sufficiently charges the felony offense denounced by Art. 802b, V.A.P.C., it alleging that he drove a motor vehicle upon a public highway while intoxicated and after he had been previously convicted of the misdemeanor offense of driving while intoxicated denounced by Art. 802, V.A.P.C., in the cause described in this indictment.

Appellant complains of the failure of the state to prove the finality of the judgment in the case of the alleged prior conviction. The state offered in evidence the complaint, information and judgment in said cause. The appellant here was identified as being the same person named in said previous judgment. This was sufficient. If said conviction was not final, it became a matter of defense subject to proof. Ellis v. State, 134 Tex. Cr. R. 346, 115 S.W. 2d 660; Broughton v. State, 148 Tex. Cr. R. 445, 188 S.W. 2d 393.

There is no dispute in the evidence that appellant drove a motor vehicle upon a public highway in Smith County as alleged. Two officers testified that appellant was intoxicated at the time and place in question and appellant offered evidence showing he was not intoxicated. The jury resolved the issue of intoxication against appellant, and we find the evidence sufficient to sustain the conviction.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.