Joe VANDALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41882.

Court of Criminal Appeals of Texas.

March 19, 1969.

Robert Porter, Lubbock (Court appointed), for appellant.

Alton R. Griffin, Dist. Atty., K. Anthony Wright, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is passing as true a forged instrument, two prior convictions for felonies less than capital were alleged for enhancement purposes; the penalty life.

■ The record reflects that on February 8, 1966, while appellant, Joe Vandall, was employed as a porter at Overseas Motor Corporation of Lubbock, some twenty-one numbered checks were found to be missing from the office of Dorothy Hill, the bookkeeper and office manager of the company. An order to stop payment of the checks was made at the Lubbock National Bank. On April 15, 1966, the day appellant left the company, he passed the forged check, as alleged in the indictment, to John Hicks at Gibson's Discount Center in Lubbock. This was an Overseas Motor Corporation check, dated April 15, 1966, Check No. 10465, in the amount of $154.76, payable to the order of Joe Vandall and purportedly signed for the company by George R. Arlington and Dorothy Hill. The signature of Dorothy Hill was shown to have been forged.

Appellant's endorsement, Joe Vandall, and his "driver's license" number 5599392 were placed on the back of the check in the presence of Hicks.

The two prior convictions were proved.

Appellant contends that other checks were erroneously introduced into evidence, because it was not proved that he passed them. Dorothy Hill testified that during the week following appellant's departure, she was notified by the bank that some of the checks in the amount of $1200 or $1300 had been presented for payment. Three other company checks, numbered 10464, 10468 and 10469 were introduced. All were dated April 15, 1966; all four checks were otherwise identical, except for their typewritten amounts. Each check had the same endorsement, "Joe Vandall, 910 Ave. 'R' ". Check No. 10464 had below the endorsement the number 5599392.[1]

Appellant had possession of and passed one of the checks taken from the company, and it may be inferred that he took all twenty-one checks.[2] The sequence of the numbers on the checks, the number of appellant's "driver's license" appearing on two

---

1. The same as appellant's "driver's license" number written below his endorsement on the check No. 10465 which was passed to Hicks.

2. In Mason v. State, 167 Tex.Cr.R. 516, 321 S.W.2d 591, this court stated that the rule is well-settled that possession of an accused of a part of the stolen property theft of the whole may be inferred.

of the checks, the same endorsement and address appearing on all of the checks, plus the fact that appellant did not report for work after April 15 are sufficient facts to connect appellant with the three checks. The court properly admitted the checks ino evidence. Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364.

▪ Appellant contends in the second ground of error that the trial court erred in overruling his motion to provide funds to have two independent psychiatrists of his own choice to examine him to determine his sanity. The following appears in handwriting on the motion:

"11–28–67—Overruled. The Court has directed a psychiatric examination by an able psychiatrist, and he has been so examined. The psychiatrist says he is sane. /s/ Robert H. Bean, Judge"

No attempt to raise the issue of sanity was made before or during the trial. No error is shown. See Crain v. State, Tex.Cr.App., 394 S.W.2d 165.

▪ Appellant attacks the constitutionality of Art. 63, Vernon's Ann.P.C., the habitual criminal statute, because upon the allegation and proof of a primary offense with two prior convictions of felonies less than capital the penalty of life is mandatory and therefore constitutes cruel and unusual punishment. This statute has been upheld in Ex parte Reyes, Tex.Cr.App., 383 S.W.2d 804, and in the many cases cited therein. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

▪ Complaint is made in his fourth ground of error that a prior conviction used for enhancement was void. A motion was filed to rule the judgment void on the ground that he was forced to plead guilty. No objection was made when evidence of this or the other prior conviction was offered. No formal or informal bill of exception appears in the record. No offer of testimony as provided for in Art. 40.09,

Sec. 6(d) (1), Vernon's Ann.C.C.P., was made. See Brown v. State, Tex.Cr.App., 438 S.W.2d 926 (Delivered March 5, 1969).

Nothing is presented for review.

The judgment is affirmed.