**David EAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42595.

Court of Criminal Appeals of Texas.

March 4, 1970.

George T. Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary of a private residence at night with the intent to rape. The punishment, enhanced under Article 63, Vernon's Ann.P.C., is life.

In his first ground of error, appellant challenges the sufficiency of the evidence.

The complaining witness testified that about 9:30 p. m. on January 1, 1968, she was alone in her house preparing for bed. Returning from her bedroom to her living room, she saw the appellant. Her testimony is as follows:

"A. I just went in there, and when I turned back, he was standing about four feet from me.

\*  \*  \*  \*  \*  \*

Q. And what, if anything, did he say or do?

A. The first thing he did was knocked me to the floor.

\*  \*  \*  \*  \*  \*

Q. After you fell to the floor by him hitting you on your chest, what did he do?

A. He started taking my clothes off.

Q. Where did he position himself?

A. He done like this. He was on top of me and he done like this and I had this choker sweater on.

\* \* \* \* \* \*

Q. What did he say to you?

A. He said, 'Be quiet. You know what I want.'

Q. What did he do with his hands, ma'am?

A. One time I know he put his hands between my legs.

Q. Are you indicating between your legs on your private parts?

A. Yes.

Q. What did you do, ma'am?

A. I screamed. That is all I could do, scream. He was on top of me. I couldn't do nothing. He hit me on the face.

\* \* \* \* \* \*

Q. After he did these things to you \* \* \* did he say anything else to you?

A. Well, he couldn't get to me, I guess. He said, 'Well, do you have any money?'

\* \* \* \* \* \*

Q. What did he do with the sweater?

A. He put it in my mouth and I couldn't holler anymore.

\* \* \* \* \* \*

Q. Did he attempt to disrobe, if you know?

A. Yes.

Q. What did he take off?

A. Well, I don't know. He was trying to take his zipper down, or something."

About this time, the witness testified that there was knocking on the front door, and appellant fled through the back door. An officer, who had been summoned by neighbors reporting a prowler just prior to this time, knocked at the front door. Another officer, who had gone to the rear of the house, pursued, shot, and wounded the appellant twice. The complaining witness testified that the only way that the appellant could have gained entrance to her private residence was through the back bedroom door which was closed, but not locked. However, she said that the latch on the door was opened, and she did not know how this happened because she never used this door. All of the other doors and windows were locked, and there was "no other way" that appellant could have entered the house. She positively identified the appellant as her assailant, and testified that she never gave him permission to enter her house, or to have carnal knowledge of her.

We find the evidence sufficient to support the conviction, Dickson v. State, Tex. Cr.App., 64 S.W. 1043; Miller v. State, 50 Tex.Cr.R. 589, 100 S.W. 398; Casa v. State, 127 Tex.Cr.R. 607, 78 S.W.2d 962; Prince v. State, 169 Tex.Cr.R. 559, 336 S. W.2d 140.

Appellant's next ground of error alleges a conflict between the terms of Article 1391, V.A.P.C., and Article 63, V.A. P.C., in that the maximum punishment permissible under Article 1391, supra, is an unlimited number of years, while the punishment under Article 63, supra, is mandatory life imprisonment. It has been the consistent holding of this Court that Article 63 does not in itself define an offense, but only provides for enhancement of punishment for multiple offenders, and when so construed, Article 63 is constitutional. In Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781, we said:

"Article 63, Vernon's Ann.P.C. does not create or define a new and independent crime but sets forth conditions under which a person if convicted of a certain

number and kind of offenses may be imprisoned for life."

In Beyer v. State, 172 Tex.Cr.R. 279, 356 S.W.2d 436, this Court held:

"* * * Articles 61 to 64, Vernon's Ann.P.C., authorizing enhancement of punishment upon proof of a prior conviction or convictions do not create an offense but merely prescribe a more severe punishment."

This being so, there is no conflict and appellant's ground of error is overruled.

 Appellant's final ground of error is that the court erred in failing to require the state to introduce into evidence fingerprint exemplars taken from appellant while in custody.

Finding no reversible error, the judgment is affirmed.