Finding no reversible error, the judgment is affirmed.

**Robert Eugene LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43669.**

Court of Criminal Appeals of Texas.

April 20, 1971.

Claude R. Bailey, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, M. C. Gonzales, Lucien B. Campbell and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment was assessed by the jury at ten years.

The summary of facts is taken from the State's brief and is as follows:

"The complainant, John H. Steen, testified that on November 23, 1968, he travelled from his home in Carrizo Springs, Texas to San Antonio to do some Christmas shopping, and that he had in his possession $120 and some change. When he found the downtown stores closed, he took a bus to the home of his ex-wife's aunt. After a short visit there the complainant announced that he was leaving to go telephone his son, and the defendant, Robert Eugene Lee offered to let the complainant use the telephone at his house. The complainant declined the offer and left the house on foot to find a pay phone. He was overtaken a short distance away on Hackberry Street by the defendant, who was driving his automobile and had with him his wife and child. The defendant told the complainant to get in the car so he could go to the defendant's house and use the telephone, which the complainant did. After the complainant learned the whereabouts of his son by telephone conversation with his ex-wife, he offered the defendant a dollar to take him there, but after a few minutes of waiting he left and walked down the street. When he was about one hundred feet away the defendant caught up with him and seized him by the waist, saying 'Come on, man, I'll carry you, come on.' The defendant then carried the complainant back into his house and said 'Give me that damn money' and took the complainant's money from his watch pocket by physical force. The complainant testified that the defendant said he would give the money back, and also said that if the complainant told the police, he would kill him. The defendant and his wife then took the complainant out in the defendant's car, making a stop at a service station to get gas, during which time the defendant went to a liquor store. The complainant testified that he told the service station attendant that he had been robbed. The defendant drove a short distance farther and then ejected the complainant from the car. The complainant called the police, and some forty minutes later flagged down Officer Crentini of the San Antonio Police Department, who was on routine patrol. The complainant reported the robbery to that officer, and then went to the police station the following morning to make a formal complaint.

"The defendant, Robert Eugene Lee, was called as a witness for the defense, and testified as follows: that on November 23, 1968, he first saw the complainant while driving on Hackberry Street when the complainant flagged him down. The complainant got in the car, and after a stop to purchase a bottle of liquor,

they traveled to the defendant's house. There, at the insistence of the complainant, a dice game ensued, which was joined in by Carlton King, the brother-in-law of the defendant. The defendant won about $65 and his brother-in-law won about $30. The complainant begged for his money back and said that if it was not returned to him he would call the police and say the money was taken from him with crooked dice. The complainant then left. The defendant's wife, his brother-in-law, and his ten-year-old son testified that the dice game did occur, and his wife further testified to the threat to call the police.

"The complainant denied any participation in a dice game."

In the first ground of error, it is contended that the evidence is insufficient to support the conviction. The jury had before it opposite versions of what occurred the night in question. The jury passes upon the credibility of the witnesses and the weight to be given their testimony. The jury chose not to believe the appellant nor his relatives who testified in his behalf. The testimony of the complaining witness is sufficient to support the conviction.

The first ground of error is overruled.

Complaint is made in the second ground of error that a full record on appeal was not prepared because Harold Waide, the court reporter at the trial, died and Ann Stonecipher typed the statement of facts and did not include objections to prior convictions of appellant that the State used for impeachment purposes. In the fourth ground of error complaint is made that the court erred in permitting the State to prove that appellant had been convicted in two cases for shoplifting because the convictions were not final.

■ Assuming that objections that the convictions were not final were made at the time of the trial, no error is shown. The appellant testified that sentences were pronounced in the shoplifting cases on April 15, 1969, and because he was in ill health he had not served them. There is no showing that appellant appealed those cases or that the sentences were set aside. In Whiddon v. State, 160 Tex.Cr.R. 23, 266 S.W.2d 167, this Court held if a prior conviction has been shown, it becomes a matter of defense to show that it was not final. No such showing has been made in the present case.

The second and fourth grounds of error are overruled.

The third ground of error presents the contention that it was not proved that the offense occurred in Bexar County.

Steen testified that what happened between him and the appellant was in San Antonio, Bexar County, Texas. No error is shown.

■ In the fifth ground of error, complaint is made that reversible error was committed during the argument of the prosecutor when he referred to the appellant as a thief and a wife beater.

The record shows that appellant took the money in the present case and had been convicted for shoplifting and for an aggravated assault committed upon his wife.

Assuming that the complaint is properly before us, no error is shown, because the argument was a proper summation of the evidence.

Appellant's many pro se applications for writs of habeas corpus and briefs (in addition to that of his counsel) do not show reversible error.

The judgment is affirmed.