James Edward MATHIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43823.

Court of Criminal Appeals of Texas.

June 29, 1971.

C. H. Duvall, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jim Skelton, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for assault with intent to murder. The punishment was assessed by the jury at twenty years.

The sufficiency of the evidence is not challenged.

The record reflects that the assaulted party, McClellan Chinn, lived at a boarding house in Houston. The appellant ate his evening meal at the house, drank some whiskey with a companion and later the two left. At approximately 1:30 a. m., the appellant returned and hollered for someone to open the door so he could get his clothes that he had left there. When Chinn opened the door the appellant shot him in the side. The appellant then went to the landlady's room and beat her over the head with a pistol. He returned to Chinn and aimed the pistol at his head. Chinn grabbed the appellant and another bullet was fired and it hit Chinn in the shoulder.

Appellant's first ground of error complains of the answer of the court to an inquiry by the jury made while the jury was deliberating on guilt or innocence.

The jury wanted to know if the porch light was on. The court sent the following reply: "In answer to your question, the testimony of McClellan Chinn was that the porch light was not on." Both the question and the court's answer were written and appear in the record. Appellant contends that the answer of the court amounted to a comment on the weight of the evidence and conveyed to the jury the judge's belief that McClellan Chinn's testimony was true.

■ This answer by the court was not a comment on the evidence. It merely told the jury what the witness had said.[1] No injury or reversible error has been shown.

The first ground of error is overruled.

■ Next, appellant contends that he was denied the right to trial by jury and his right to due process because he was indicted as an habitual offender under Article 63, V.A.P.C. He argues that this denied him the right to testify in his defense because he would have been impeached with the prior convictions and would have been forced to incriminate himself.

It has been the consistent holding of this Court that the procedure under the articles of our Penal Code dealing with enhanced punishment are constitutional. Eagan v. State, Tex.Cr.App., 451 S.W.2d 514; Vandall v. State, Tex.Cr.App., 438 S.W.2d 578. The procedure was also upheld by the Supreme Court of the United States in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

■ The appellant cannot be heard to complain in that in asserting his privilege and not taking the stand he was deprived of his constitutional right to be heard. The impossibility of asserting these two inconsistent constitutional rights at the trial on the merits is obvious. In McGautha v. California (Crampton v. Ohio), 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711, Crampton argued that under the Ohio single-trial procedure he could remain silent on the issue of guilt only at the cost of surrendering any chance to plead his case on the issue of punishment. He contended that this was condemned in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Mr. Justice Harlan,

1. The procedure provided for in Articles 36.27 and 36.28, Vernon's Ann.C.C.P., was not followed. The record contains no objection to the answer.

speaking for the Court, distinguished Simmons and stated:

"* * * [n]ot everything said in that opinion can be carried over to this case without circumspection. In Simmons we held it unconstitutional for the Federal Government to use at trial the defendant's testimony given on an unsuccessful motion to suppress evidence allegedly seized in violation of the Fourth Amendment. * * *

"* * * Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose. * * *

"* * * It does no violence to the privilege that a person's choice to testify in his own behalf may open the door to otherwise inadmissible evidence which is damaging to his case. * * *"

Appellant answers his own contention in favor of the State when he correctly asserts that had he taken the stand then he would have been subject to the same rules as other witnesses and could have been impeached with any prior convictions. Dunlap v. State, Tex.Cr.App., 440 S.W.2d 672. This would be true even though the prior convictions were not alleged in the indictment. The appellant could have been impeached by proof of valid prior convictions for felonies to show his credibility as a witness. This is a good rule of evidence and there is no need to change it.

■ After the return of the guilty verdict, the State elected to dismiss the enhancement portion of the indictment and appellant was not sentenced pursuant to Article 63, V.A.P.C. Appellant argues that the tactics on the part of the State deprived him of his right to be heard at the trial. The appellant made his choice not to testify. His complaint has been answered adversely to him by this Court as noted above and by the Supreme Court in Mc-

Gautha v. California (Crampton v. Ohio), supra. See also Spencer v. Texas, supra.

At the penalty stage of the trial two prior convictions for assault with intent to murder and one for assault with intent to rape were proved under Article 37.07, V.A.C.C.P.

Apparently appellant would have received a life sentence instead of twenty years had the State elected to prosecute him as an habitual offender. No reversible error has been shown.

Appellant's third ground of error is overruled.

■ Lastly, appellant contends that the trial court committed reversible error in that the jury was not polled after the verdict was returned. Articles 37.04 and 37.05, V.A.C.C.P., provide for polling the jury only after a request has been made by the appellant. There is no showing that the appellant so requested and no error is shown.

There being no reversible error, the judgment is affirmed.

MORRISON, Judge (concurring).

While I agree with the affirmance of this conviction, I cannot do so without specifically pointing out that the action of the trial court in answering the jury's question was highly improper and without compliance with Arts. 36.27 and 36.28, V.A.C.C.P. I concur only because I do not think that the appellant was harmed by this action. The testimony to which the question referred was as follows:

"Q  On that night the shooting occurred, were the living room lights on?

"A  It was off.

"Q  They were off?

"A  This is my bedroom. My bedroom light.

"Q How about the porch light?

"A Off."

In view of the fact that Chinn's testimony in regard to the porch light was clear, direct and unequivocal, and was the only testimony on the subject, the Court's answer did not constitute a comment on the weight of the evidence and was not harmful to the appellant.

Finally, it is to be noted that appellant made no objection to the Court's reply, and by failing to object, he implied to the Court that he was satisfied with the answer.

ONION, P. J., joins in this concurrence.