· **Carl REED, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44894.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied June 28, 1972.

error was committed when the appellant was impeached by proof of a prior conviction and that the court commented on the weight of the evidence.

The record reflects that the appellant at gun point robbed Elvin R. Lewis and his wife in a neighborhood grocery in Hutchins of some one thousand seven hundred dollars. He was identified at the trial by Lewis and his wife. Officers lifted fingerprints from a package that was placed on the counter by the robber and testified they were the same as the known fingerprints of the appellant.

Appellant testified that he had never seen the Lewises nor had he been in the store described by them.

Complaint is made because the prosecuting attorney elicited from the appellant that he had pled guilty on February 18, 1970, in Cause No. 12064 of the felony offense of robbery. No objection was made. Absent an objection, nothing is presented for review. Williams v. State, Tex. Cr.App., 477 S.W.2d 24; Mathis v. State, Tex.Cr.App., 471 S.W.2d 396. However, appellant urges that reversible error was committed because the conviction was not final in that ten days had not passed since the date of sentence and the appellant still had time to give notice of appeal in that case. From the record in the present case, it is not shown whether appellant had waived his right to appeal. There is no showing that the conviction was not final.

In Lee v. State, Tex.Cr.App., 465 S.W.2d 942, the defendant contended the prior convictions were not final. In overruling the contention the Court stated:

"There is no showing that appellant appealed those cases or that the sentences were set aside. In Whiddon v. State, 160 Tex.Cr.R. 23, 266 S.W.2d 167, this Court held if a prior conviction has been shown, it becomes a matter of defense to show that it was not final. No such showing has been made in the present case." Id., at 944

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., and John Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed the punishment at 100 years.

The sufficiency of the evidence is not challenged. It is contended that reversible

Next, the appellant contends that reversible error was committed when counsel for appellant was arguing to the jury that this case was a sham and fake for the police to clear up their books, and

". . . I would like to see anybody put that impression right there (indicating) with that impression right there (indicating) and say that is legitimately the same print. He knew what he was looking for before he ever picked these things up and testified to what he said."

 The court then inquired of counsel if he was asking the jury to make a comparison of the fingerprints and instructed counsel not to do so.

No objection was made and nothing is presented for review.

No error is shown. The judgment is affirmed.