**Jose Antonio BARRAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00178–CR.**

Court of Appeals of Texas,
El Paso.

Sept. 8, 1982.

Adolfo Quijano, Jr., Robin R. Norris, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Ruben Bustamante, Asst. Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for aggravated robbery. The jury assessed punishment at six years confinement. We affirm.

Ground of Error No. One complains of the trial court's restriction on the scope of Appellant's final argument at the guilt-in-nocence phase of the trial. The testimony at trial reduced the issues to a conflict between Appellant's version of the stabbing incident and that of the victim.

The complainant, John MacAyeal, testified that he first met the Appellant and two of the latter's friends outside the Night Life Disco at approximately 10:00 p.m., Au-

gust 16, 1980. MacAyeal was drinking from a whiskey bottle outside his car when Appellant approached and asked for a drink. The four then began to cruise the area in MacAyeal's vehicle, stopping at two parties. MacAyeal drove while Appellant gave directions. They drank and smoked marijuana together. Several times MacAyeal became apprehensive, particularly when Appellant and his friends related their gang activities and robberies of cab drivers. Appellant calmed his fears until he directed MacAyeal to turn into an alley in central El Paso. MacAyeal exited the vehicle and fled down the alley. Appellant and his two companions caught him and returned him to the rear of the vehicle. Appellant demanded money and MacAyeal gave him approximately $15.00. Appellant had already exhibited a pocketknife. He slashed MacAyeal several times across the face. Appellant and his friends entered the back seat with MacAyeal and began to stab and slash him repeatedly. They then left. He exited the vehicle and staggered around the side of a building, where he collapsed. He was found by the police the next morning. He sustained twenty-two stab wounds and fourteen slashes to his throat, back, chest, arms, legs and buttocks.

Appellant testified to the meeting outside the Night Life. Appellant alleged that MacAyeal gave him $13.00 and asked him to find some marijuana for him. This was the alleged reason for the various stops made that evening. When Appellant reported his fourth or fifth failure to secure the marijuana, MacAyeal became angry and struck Appellant in the face. As Appellant fell back, he saw MacAyeal reach for his rear pocket. Fearing that he had a weapon, Appellant charged MacAyeal and slashed him four times across the neck with a box-cutter which he used at work. Appellant ceased his attack, but his companions then leaped on MacAyeal and began stabbing him with knives. Appellant fled, while his companions continued to stab and slash MacAyeal. According to Appellant's version, all of the stabbing took place outside MacAyeal's vehicle, in contrast to MacAyeal's

description of the events. Appellant denied participation beyond the defensive slashing with the box-cutter. He denied any joint intent with his companions to rob or assault MacAyeal. He denied any involvement with the stab wound to MacAyeal's stomach, alleged in the indictment. A defense request for a self-defense instruction was refused in light of the blanket denial of individual or party responsibility for the injury alleged in the charging instrument.

The issue on appeal is whether or not the court improperly prohibited the defense from arguing a reasonable interpretation of the physical evidence. Officer Sibley testified that no blood was found in MacAyeal's vehicle. He found a large puddle of blood at the rear of the car. From this puddle, three trails of blood led in different directions: one led a few feet to the east and stopped; one led north to the spot where MacAyeal collapsed; another led south to the backyard of a nearby house. Trial counsel sought to argue that these trails indicated that more than one individual, MacAyeal, was wounded in the fight. This in turn supported Appellant's version of a defensive action on his part when he saw MacAyeal apparently reaching for a weapon. The prosecutor's objection was sustained, and the jury was instructed to disregard the argument that MacAyeal was armed with a knife.

 We are initially confronted with the question of whether the issue is properly preserved for review. We conclude that it is not. Only one of the Texas cases cited by Appellant resulted in reversal. *Patterson v. State,* 387 S.W.2d 390 (Tex.Cr.App. 1965). In that case, defendant's counsel objected to the court's ruling, moved for mistrial and presented a bill of exception. The record in this cause discloses no such action by trial counsel. In *Reed v. State,* 481 S.W.2d 128 (Tex.Cr.App.1972), the defendant was charged with robbery. The alleged robber left a package on the store counter. Latent fingerprints found on the package matched the known prints of the defendant. During final argument, counsel attacked the fingerprint identification and

displayed the comparison photographic enlargements to the jury. The court instructed counsel not to invite the jury to make their own comparison of the prints during deliberation. No objection to the ruling was made. The Court of Criminal Appeals held that any error in the restriction of argument had not been preserved for review. We are confronted with an identical issue.

Both parties set out the four accepted areas of proper jury argument, which includes reasonable deductions from the evidence. *Todd v. State,* 598 S.W.2d 286, 296–297 (Tex.Cr.App.1980); *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). We point out that in addition to these restrictions, argument must be limited to the proper scope of jury deliberation as defined by the court's charge. Appellant's requested instruction on self-defense was refused, and the propriety of that ruling has not been raised on appeal. In fact, in a footnote on page eleven of his brief, Appellant concedes the correctness of the ruling while seeking to explain why it does not affect the issue of restricting his argument. We have serious reservations concerning the refusal of the requested charge and Appellant's concession, but the matter is not before us for resolution. The arguments must therefore be evaluated in the context of the charge as given. The various constituent elements of self-defense not being before the jury, the defensive interpretation of the various trails of blood and the possibility of injury to one or more of MacAyeal's attackers were considerations beyond the scope of the jurors' deliberations. In light of the charge, *as given,* the restriction on argument was proper.

For each of the reasons stated above, Ground of Error No. One is overruled.

Both parties are in agreement as to the need for reformation of the sentence raised in Ground of Error No. Two. Sentence was imposed prior to the September 1, 1981, amendment of Article 42.09 of the Code of Criminal Procedure. Consequently, the sentence should reflect the indeterminate sentence law in effect at that time. Ac-

cordingly, Ground of Error No. Two is sustained, and the sentence is hereby reformed to reflect that the Appellant, JOSE ANTONIO BARRAGAN, is to be confined in the Texas Department of Corrections for a period of not less than five years nor more than six years.

Subject to the aforementioned reformation, the judgment is affirmed.