Donald Anthony JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–010 CR.

Court of Appeals of Texas,
Beaumont.

Jan. 23, 1987.
Pro se Rehearing Denied Feb. 25, 1987.

By his first point of error, Appellant urges that the trial court erred in denying his motion to dismiss based upon alleged violation of *TEX.CODE CRIM.PROC. ANN. art. 32A.02* (Vernon Pamph.Supp. 1986). When Appellant was arrested for the offense involved in this case, on May 26, 1984, he gave the arresting officers a false name. On July 19, 1984, the Appellant was indicted for this offense in Jefferson County. On August 19, 1984, Appellant was arrested for an unrelated offense in Galveston County. The State announced ready for trial on the present cause in Jefferson County on August 20, 1984. On August 22, 1984, the Appellant tried to get bail in Galveston County, but learned that Jefferson County authorities had him placed under detainer. In May of 1985, the Appellant's criminal trial in Galveston County was concluded.

On May 7, 1985, Appellant was brought to the Jefferson County jail under a bench warrant. Sometime during May of 1985, Appellant was taken back to Galveston County for the purpose of pursuing his motion for new trial there. On June 24, 1985, the State again announced ready for trial in this case and the case was reset to allow Appellant to obtain counsel. On July 29, 1985, the trial court appointed counsel for the Appellant in this case. Trial was held on January 6, 1986.

Where the State has announced ready for trial within 120 days of the commencement of a criminal action, it becomes the burden of the defendant to prove that the State was, in fact, not ready for trial during the time limits of the Act. *See Barfield v. State,* 586 S.W.2d 538 (Tex. Crim.App.1979). In the present case, the State announced ready for trial on August 20, 1984, well within 120 days from the time the Appellant was arrested. Reasonable periods of delay resulting from other proceedings including trials of other charges are excluded from the computation of time limitations upon the State. We hold that the period between August 19, 1984, and May 28, 1985, cannot be counted against the State in this case, because that period was a reasonable period of delay

J. Brent Liedtke, Galveston, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was convicted by a jury of being a felon in possession of a firearm away from his home. The jury found the enhancement allegation to be true and set punishment at 15 years confinement in the Texas Department of Corrections. Appellant's brief urges five points of error.

resulting from the Galveston County proceedings. *See Schmelter v. State*, 692 S.W.2d 579 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). Furthermore, any delay resulting from the failure of the trial court to appoint counsel for Appellant until July 29, 1985, was judicial delay not chargeable against the State. *See Paloma v. State*, 656 S.W.2d 229 (Tex.App.—Austin 1983, no pet.).

■ As to the period between the time the trial court appointed counsel for Appellant and the time of his trial, the only effort Appellant makes to rebut the presumption that the State was ready for trial is that the prosecutors did not see that he was brought from the Jefferson County jail to the courtroom for pre-trial settings. As authority for his position, he relies upon *Ybarbo v. State*, 659 S.W.2d 898 (Tex.App. —San Antonio 1983, no pet.). We respectfully disagree with that decision. We hold that a mere showing that a defendant was present in the county jail, but was not physically brought to the courtroom, is insufficient by itself to rebut the presumption that the State was ready for trial. Appellant's first point of error is overruled.

By his second point of error, Appellant urges that the evidence was insufficient to sustain his conviction. In reviewing insufficient evidence points of error, this court must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Griffin v. State*, 614 S.W.2d 155 (Tex.Crim. App.1981).

■ The Appellant claims the evidence is insufficient to prove he possessed a firearm as alleged. Officers answered a call concerning a shooting at a lounge in Port Arthur. Dorothy Stevenson testified she saw a man with a gun in his hand in front of the lounge. Leroy Grant testified that he saw a man with a gun in front of the lounge at approximately the same time. Two other men pointed out the man who had the gun to the officers. The officers saw what appeared to be a gun in the suspect's hand. The suspect ran from the

officers when he saw them approaching him. The officers chased the suspect and, eventually, caught him. A .22 caliber pistol was found near the path the suspect followed as he fled. Some .22 caliber cartridges were found on the suspect's person. The officers returned the suspect to the front of the lounge. Dorothy Stevenson and Leroy Grant both testified that the man the officers apprehended was the man whom they had seen earlier with a gun in his hand. Both arresting officers testified that the Appellant was the man they apprehended and brought to the front of the lounge. We hold that the evidence was sufficient to prove the Appellant was in possession of a weapon away from his home.

■ Appellant also argues that the evidence was insufficient to prove that he had previously been convicted of an offense involving violence or a threat of violence. The State introduced certified copies of a judgment and sentence contained in official certified records of the Texas Department of Corrections. Appellant objected to the introduction of these documents on the ground that they included statements indicating he had been convicted of burglary at the same time that he was convicted of the robbery which was alleged in the indictment as the prior conviction for an offense involving violence. The trial court did not admit the documents until the State removed the references to the burglary conviction from the documents. Appellant now argues that because the State was allowed to alter the documents, they were no longer properly certified, and not admissible. The record clearly shows that the only alteration the State made was the deletion of any reference to Appellant's burglary conviction. Since the Appellant had complained of these references in the first place, we hold that the trial court did not err in admitting the altered documents into evidence, having been changed at Appellant's specific request.

Appellant also argues that there was no evidence that the robbery for which he was convicted was committed violently or with the threat of violence. Appellant argues

that since a person may be guilty of robbery when he commits a theft and recklessly places another in fear of bodily injury, that the offense of robbery does not involve violence or the threat thereof in all cases. *TEX. PENAL CODE ANN. sec. 29.02* (Vernon 1974) defines the offense of robbery as follows:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

■ As the language of *Section 29.02* clearly provides, if a person has only recklessly placed another in fear of imminent bodily injury, that person is not guilty of robbery. We hold that the offense of robbery involves acts of violence or threats of violence as a matter of law. *See Mena v. State*, 504 S.W.2d 410 (Tex.Crim.App.1974).

■ Appellant argues that since, under the evidence, he may have been convicted of the prior robbery as a party or conspirator, and not as an actual or violent participant, that the evidence was insufficient to find that he had previously been convicted of a felony involving violence, or the threat of violence. To accept Appellant's argument would be to say that there could be no offenses which involve violence or the threat of violence per se. A person who is criminally responsible for the conduct of another is guilty of the offense just as if he committed the prohibited conduct himself. *TEX. PENAL CODE ANN. sec. 7.01* (Vernon 1974). We hold that the evidence was sufficient to support Appellant's conviction. Appellant's second point of error is overruled.

In his third point of error, Appellant argues that the trial court erred in charging the jury, during the punishment phase of the trial, that a person who receives a prison sentence may earn time off the sentence imposed. Appellant argues that the instruction as to the effect of good time credit and parole law required by *TEX. CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a)* (Vernon Supp.1987) misinforms the jury in stating that " '... the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time....' " Appellant calls our attention to *TEX.REV. CIV.STAT.ANN. art. 6181-1, sec. 4* (Vernon Supp.1987) which states, in part, that "[g]ood conduct time applies only to eligibility for parole or mandatory supervision ... and shall not otherwise affect the inmate's term." Appellant argues that since the portion of the court's charge complained of misinforms the jury of the law, that he was deprived of due process of law. This court has recently held that the jury instruction authorized by *TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a)* (Vernon Supp.1987), does not deny a defendant's right to due process. *See Boudreaux v. State*, 723 S.W.2d 230 (Tex.App.—Beaumont 1986).

Furthermore, the Appellant's objection at trial was as follows:

"DEFENSE COUNSEL: We will generally object to any reference to consideration of parole by the jurors, and challenging the law passed September first, Nineteen-eighty-five.

"THE COURT: That objection is overruled.

"DEFENSE COUNSEL: Thank you, Your Honor.

"THE COURT: Now, ladies and gentlemen ...

"DEFENSE COUNSEL: Under due process and equal protection, challenge to that point, the New Parole Law.

"THE COURT: The ruling remains the same."

■ This objection was not specific enough to preserve the point of error now

urged by the Appellant. *See Hackbarth v. State*, 617 S.W.2d 944 (Tex.Crim.App.1981). The objection also does not comport with the point alleged on appeal as error and is, therefore, not entitled to review. *See Hodge v. State*, 631 S.W.2d 754 (Tex.Crim.App.1982). Appellant's third point of error is overruled.

By his fourth and fifth points of error Appellant urges that the trial court erred in permitting the use of judgments and sentences from Appellant's two prior convictions in the State's case in chief and in the punishment phase of the trial. The sentence from the prior robbery conviction was used by the State, in its case in chief, to prove that the Appellant had been previously convicted of a felony involving violence or the threat of violence. The conviction for burglary was introduced by the State at the punishment phase of the trial. In each of these prior convictions Appellant was sentenced to confinement in the Texas Department of Corrections for "not less than 2 (two) years nor more than 7 (seven) years." Appellant argues that these judgments and sentences were void for failure to comply with the provisions of the Texas indeterminate sentence law as it existed prior to September 1, 1981.

*TEX.CODE CRIM.PROC.ANN. art. 42.-09*, as it existed on January 30, 1979, read, in part, as follows:

"If the verdict fixes the punishment at confinement in an institution operated by the Department of Corrections for more than the minimum term, the judge in passing sentence shall pronounce an indeterminate sentence, fixing in such sentence as the minimum the time provided by law as the lowest term in an institution operated by the Department of Corrections and as the maximum the term stated in the verdict...."

Act establishing and adopting Code of Criminal Procedure, ch. 722, art. 42.09, 1965 Tex.Gen. & Spec. Laws 317, 487, *amended by* Act of Sept. 1, 1981, ch. 291, sec. 117, 1981 Tex.Gen. & Spec. Laws 761, 810.

■ The judgment in each of the Appellant's prior convictions assessed punishment at seven years in the Texas Department of Corrections. We hold that the sentences in these prior convictions were not void, because they comply with the mandatory provisions of *TEX.CODE CRIM.PROC.ANN. art. 42.09(1)* as it existed on the date such sentences were entered. *See Barragan v. State*, 641 S.W.2d 380, 382–383 (Tex.App.—El Paso 1982, no pet.). Appellant's fourth and fifth points of error are overruled.

The judgment of the trial court is affirmed.

Affirmed.

BURGESS, Justice, dissenting.

I respectfully dissent. I dissent solely to the majority's continued countenance of *TEX.CODE CRIM.PROC.ANN. art. 37.-07(4)(a)*. For the reasons previously stated in my dissent in *Boudreaux v. State*, 723 S.W.2d 230 (Tex.App.—Beaumont, 1986, no pet.), I would hold the use of this instruction denied appellant a fair and impartial trial. I, therefore would reverse and remand.