

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00427-CR

DAMIEN D. WALLACE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1341587D

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Appellant Damien D. Wallace appeals his conviction and sentence for unlawful possession of a firearm. We affirm.

## Background Facts

On August 23, 2013, Fort Worth police officer Michael Haley arrested Appellant on a warrant for sexual assault of a child under seventeen years of

---

[1]*See* Tex. R. App. P. 47.4.

age. During the arrest, Haley found a handgun in Appellant's front pants pocket. Based on his previous felony conviction of evading arrest with a previous conviction, Appellant was charged with illegal possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04(e) (West 2011).

After a jury was empaneled and sworn, Appellant pleaded guilty to the indictment and pleaded true to the repeat offender allegation. The trial court accepted the pleas and instructed the jury to find Appellant guilty. The State introduced an agreed stipulation of evidence stipulating to Appellant's previous convictions that included three previous felony convictions.

The jury assessed punishment at seventeen years' confinement and a $2,500 fine. The trial court sentenced Appellant accordingly. Appellant then filed this appeal.

## Discussion

### 1. Appellant's guilty plea

In his first issue, Appellant argues that insufficient evidence supported his guilty plea. He argues that the agreed stipulations did not include evidence of Appellant's possession of a weapon and that there was no written waiver of a jury trial or a signed judicial confession.

Appellant relies on article 1.15 of the code of criminal procedure. *See* Tex. Code Crim. Proc. art 1.15 (West 2005) ("[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."). However, article 1.15 does not apply when a defendant pleads guilty before a

jury. *See Basaldua v. State*, 481 S.W.2d 851, 855 (Tex. Crim. App. 1972); *Stahle v. State*, 970 S.W.2d 682, 688 (Tex. App.—Dallas 1998, pet. ref'd) ("In felony cases, a plea of guilty before the jury admits the existence of all elements necessary to establish guilt and, in such cases, the introduction of evidence by the State is only to enable the jury to intelligently determine punishment."); *see also Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988) ("It is well established that in a felony case where a defendant has entered a guilty plea before the jury, because there remains no issue of guilt to be determined, it is proper for the trial judge in his charge to instruct the jury to return a verdict of guilty, charge the jury on the law as to the punishment issues and then instruct them to decide only those issues."). A plea of guilty substitutes for a jury verdict of guilt, and the case proceeds to a unitary punishment hearing. *Fuller v. State*, 253 S.W.3d 220, 227 (Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1105 (2009). Because Appellant pleaded guilty before the jury, the trial court properly proceeded to the punishment hearing without further evidence of Appellant's guilt. *See id.* We overrule Appellant's first issue.

## 2. The fine

In his second issue, Appellant argues that the trial court erred by accepting the jury verdict because it was not unanimous. The jury charge read, "In addition thereto, WE DO/WE DO NOT assess a fine of $_____, (up to $10,000 or none)." The jury wrote in 2,500.00 in the blank, and it was signed by the presiding juror. Appellant claims that because the jury did not indicate "WE DO" or "WE DO

NOT," "there was no way to determine . . . that *any* members of the jury assessed the fine." The code of criminal procedure requires:

> When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

Tex. Crim. Proc. Code Ann. art. 37.04 (West 2006).

After deliberating, the jury sent a note to the court that read, "We have reached a [d]ecision." The jury returned to the court room, and the following exchange took place:

> THE COURT: Did you reach a unanimous decision as to the verdict in this case?
>
> THE FOREPERSON: Yes, we have.
>
> THE COURT: Did you reflect the unanimous decision in the paperwork that you signed?
>
> THE FOREPERSON: Yes, sir.
>
> THE COURT: Would you please hand it to the bailiff?
>
> The Defendant will rise with his lawyer.
>
> Appears to be in the appropriate form.
>
> Reads: We, the jury, find the Defendant, Damien D. Wallace, guilty of the offense of unlawful possession of a firearm by a felon as charged in the Indictment and do further find that the allegation set out in the Repeat Offender Notice true. We assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 17 years.

4

In addition thereto, we do—or I assume it's, We do assess a fine in the amount of $2500.

All right. Does either side wish to have the jury polled?

[THE STATE]: The State does not, Your Honor.

[APPELLANT]: No, Your Honor.

THE COURT: Thanks.

Now, gentlemen, I do want to bring to your attention that in the verdict form, it does not have, We do assess. It just leaves it blank and inserted an amount. So does either side wish to have a polling with regard to the fine?

[THE STATE]: The State's fine with the way the Court received it as is.

THE COURT: Okay.

[APPELLANT]: I think the intent's clear, Judge.

THE COURT: Thank you very much, gentlemen. Thank you. I will receive and accept the verdict and sign it at this time.

Contrary to Appellant's assertion that there was no way to determine whether the verdict was unanimous (even ignoring the plain and unqualified statement by the foreperson on the record that the jury's decision was indeed unanimous), the code of criminal procedure provides precisely the method to determine unanimity—polling the jury. *See* Tex. Code Crim. Proc. art. 37.05 (West 2006). Appellant twice refused the opportunity to poll the jury, once after the trial court noted that the verdict form did not explicitly state that the jury assessed the fine. He has therefore forfeited his complaint. *See Mathis v.*

5

*State*, 471 S.W.2d 396, 398 (Tex. Crim. App. 1971). We overrule Appellant's second issue.

## Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 24, 2015