**Affirmed and Opinion Filed June 2, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01126-CR
No. 05-15-01127-CR
No. 05-15-01128-CR
No. 05-15-01129-CR
No. 05-15-01130-CR
No. 05-15-01131-CR
No. 05-15-01132-CR
No. 05-15-01133-CR
No. 05-15-01134-CR
No. 05-15-01135-CR
No. 05-15-01136-CR
No. 05-15-01138-CR

**WILLIAM CHAD COLEMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-80672-2014; 366-80673-2014; 366-81074-2014; 366-81075-2014; 366-81076-2014; 366-81077-2014; 366-81078-2014; 366-81192-2013; 366-81193-2013; 366-81194-2013; 366-81195-2013; 366-80674-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Justice Bridges

Appellant William Chad Coleman pleaded guilty to twelve indictments that arose from

two separate criminal episodes on March 18, 2013 and February 6, 2014. After a hearing, the

jury assessed punishment as follows: twenty years' confinement for evading arrest (No. 05-15-01126-CR); twenty years' confinement for theft (No. 05-15-01127-CR); two years' state jail for credit/debit card abuse (No. 05-15-01128-CR and No. 05-15-01132-CR); twenty years' confinement for arson, enhanced[1] (No. 05-15-01129-CR); two years' state jail for unauthorized use of a motor vehicle (No. 05-15-01130-CR); fifteen years' confinement for burglary of a habitation (No. 05-15-01131-CR); life imprisonment for aggravated assault with a deadly weapon, enhanced (No. 05-15-01133-CR); two years' state jail for cruelty to animals (No. 05-15-01134-CR); life imprisonment for arson, enhanced (No. 05-15-01135-CR); ten years' confinement for unlawful possession of a firearm by a felon (No. 05-15-01136-CR); and twenty years' confinement for aggravated assault with a deadly weapon finding, enhanced (No. 05-15-01138-CR).

On appeal, appellant argues the trial court committed reversible error by not polling the jury on each individual sentence. Because the underlying facts are not relevant for disposition of the appeal, we include only those necessary to resolve his argument and issue this memorandum opinion. TEX. R. APP. P. 47.1. We affirm the trial court's judgments.

Article 37.04 of the Texas Code of Criminal Procedure provides for the reading and entry of the jury's verdict by the trial court. TEX. CODE CRIM. PROC. ANN. art. 37.04 (West 2006). Under article 37.04, the verdict is entered into the minutes of the court if it is in proper form, no juror dissents, and neither party requests a poll of the jury. *Id.* Article 37.05 establishes the parties' right to have the jury polled and governs the process for entry of the jury's verdict when a poll is conducted. *Id.* art. 37.05.

---

[1] Coleman was convicted on November 11, 2005 for aggravated assault with a deadly weapon, and the State relied on this prior conviction to also enhance the charges against him in No. 05-15-01133-CR, No. 05-15-01135-CR, and No. 05-15-01138-CR.

The purpose of the jury poll is to ensure the unanimity of the jury verdict by establishing that each juror agrees with the verdict as announced. *See Ex parte Aviles*, 78 S.W.3d 677, 683 (Tex. App.—Austin 2002, no pet.). Although article 37.05 endows a criminal defendant with "the right to have the jury polled," that right is waived if the defendant fails to properly request the poll. *Cook v. State*, 390 S.W.3d 363, 373 n.30 (Tex. Crim. App. 2013) (citing *Mathis v. State*, 471 S.W.2d 396, 398 (Tex. Crim. App. 1971)).

After the jury reached its verdicts, the trial court said, "Mr. Foreman, it's my understanding that the jury has reached a unanimous verdict in all counts," to which the foreman answered affirmatively. The trial court read each cause number and the foreman announced each sentence. The trial court then stated, "If that is, in fact, your unanimous verdict, please indicate by raising your hand. (Jury complies.) Please let the record indicate that the verdict is unanimous."

Appellant argues the trial court's method for polling the jury failed to assure jury unanimity, and he was entitled to have the jury polled on each individual verdict rather than only once. He concedes he did not object to the trial court's failure to poll the jury on each separate verdict but argues the trial court's immediate release of the jurors after the "faulty poll prevented [him] from lodging the objection."

We first note neither side requested a polling of the jury. When the trial court sua sponte confirmed that no juror dissented by requesting a show of hands and then accepted the verdict, it complied with article 37.04 of the code of criminal procedure. *See Knight v. State*, No. 05-01-01586-CR, 2002 WL 31513377, at *2 (Tex. App.—Dallas Nov. 13, 2002, no pet.) (not designated for publication). If appellant wanted the jury polled on each individual verdict, it was incumbent upon him to object. *See Cook*, 390 S.W.3d at 373 n.30. This he failed to do; therefore, appellant waived his issue for review. *Locke v. State*, No. 06-06-00210-CR, 2007 WL

–3–

1890689, at *3 (Tex. App.—Texarkana July 3, 2007, no pet.) (mem. op., not designated for designation); *Andrews v. State*, No. 05-92-00411-CR, 1993 WL 19931, at *3 (Tex. App.—Dallas Jan. 29, 1993, no pet.) (not designated for publication).

In reaching this conclusion, we reject appellant's argument that the "immediate release" of the jury prevented him from lodging an objection. Rather, after accepting the verdicts, the trial court spoke to the jurors for approximately one minute thanking them for their service and noting some "housekeeping matters that we're going to tend to." The trial court then told the jury they were welcome to stay. Nothing in the record indicates appellant could not have timely objected and requested a jury poll. Accordingly, we overrule appellant's sole issue.

The judgments of the trial court are affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151126F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01126-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-80672-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01127-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-80673-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01128-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81074-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01129-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81075-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01130-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81076-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01131-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81077-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01132-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81078-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01133-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81192-2013.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01134-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-81193-2013.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01135-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-81194-2013.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01136-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81195-2013.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHAD COLEMAN, Appellant

No. 05-15-01138-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-80674-2014.
Opinion delivered by Justice Bridges.
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 2, 2016.