**Bobby Lee EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46529.**

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Rehearing Denied Oct. 10, 1973.

---

**124**

David L. Loving, III, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Wm. J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction is for robbery; the punishment, life, enhanced under Art. 62, Vernon's Ann.P.C., because of a prior conviction of felony theft.

On November 12, 1971, Jesse Moore was operating his filling station at Duncanville when appellant approached him and said his car was out of gas. Moore put a dollar's worth of gas in a can and drove appellant several blocks to a parked green Chevrolet Corvair. When Moore got out of his car to put the gas in the Corvair, appellant pointed a gun at him and said: "Give me your money." Moore, in fear for his life, gave him his billfold containing twelve or thirteen dollars and several credit cards. Appellant then fired into Moore's stomach and ordered him to start running. Moore went to a nearby house, the occupants called the police and the ambulance, after which Moore went to Parkland Hospital. The bullet was not removed but Moore recovered and positively identified appellant as the robber. Appellant fled the scene in Moore's car, but the car was found abandoned in Duncanville the next day. One of the credit cards taken from Jesse Moore was in his name and was for Sears.

Mrs. Ellie Lipe drove into the Moore service station and saw appellant, whom she positively identified, talking to Moore. This was just prior to their departure with the gasoline. Mrs. Lipe did not see the robbery.

The next day after the robbery appellant attempted to purchase merchandise at Sears on Moore's credit card, claiming to be Jesse Moore, but when the security officer, George W. Buchanan, asked him to go to the credit office for verification appellant ran with Officer Buchanan running after him. He was apprehended several blocks away at gun point after he had picked up a two by four board.

Appellant did not testify, but offered four witnesses who testified in such manner as to show an alibi for appellant at the time of the robbery.

The first ground of error alleged is that the court erred in admitting evidence

of the attempt to make use of Moore's credit card because this was proof of an extraneous offense.

No objection was made to this evidence, and there is no ruling of the trial court for this Court to review. Reed v. State, Tex. Cr.App., 481 S.W.2d 128; Williams v. State, Tex.Cr.App., 477 S.W.2d 24; Mathis v. State, Tex.Cr.App., 471 S.W.2d 396. We overrule.

Next, appellant contends that the trial court erred in admitting evidence of his identification at a line-up in the absence of counsel and without having waived counsel.

The robbery occurred on November 12, 1971. Appellant was arrested the next day as he attempted to use the victim's credit card to purchase merchandise. On November 15, 1971, he was identified in a line-up by Moore, the victim of the robbery, and by Mrs. Lipe, who saw him with Moore just before the robbery. Although appellant asserts in his brief that he had no counsel, the record is silent on this question. No objection was made to the trial court as to the admissibility of the line-up testimony, and no request was made for a hearing outside the presence of the jury as was suggested in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842.

There being no objection to the trial court as to the line-up testimony, nothing is presented to this Court for review. Sierra v. State, Tex.Cr.App., 482 S.W.2d 259; Webb v. State, Tex.Cr.App., 480 S. W.2d 398.

■ At the time of the line-up no charges against appellant had been filed. His right to counsel had not attached, and even if proper objection had been made on this ground, it would not have been tenable. Kirby v. Illinois, 406 U.S. 682, 92 S.

Ct. 1877, 32 L.Ed.2d 411; Keys v. State, Tex.Cr.App., 486 S.W.2d 958; Turner v. State, Tex.Cr.App., 486 S.W.2d 797.

We overrule this contention.

■ For his third ground of error, appellant urges that the court erred in not granting his motions for discovery as to prior inconsistent statements of the two witnesses Jesse Moore and Mrs. Lipe.

The court granted appellant's motion for discovery under Article 39.14, Vernon's C. C.P.[1] However, no written statements of the two witnesses in question were shown to exist or are now claimed to exist. When these witnesses were on the stand, no questions were asked them by either side about their having made any such statements, or even any oral statements inconsistent with their trial testimony, nor was any demand made for any such statements when the witnesses testified. We are at a loss to understand the contention now made that the State should have been required to produce something not shown to exist.

No such statements were used by the State, and no violation of the "use before the jury rule" is shown, as contained in Sewell v. State, Tex.Cr.App., 367 S.W.2d 349. Nor is the "Gaskin rule" (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467) brought into play.

Appellant's remaining grounds of error, numbers four, five and six, are not briefed in compliance with Art. 40.09, Sec. 9, V.A. C.C.P., and are overruled.

We have also examined and considered the pro se briefs filed by appellant, and find that they reflect no reversible error.

The judgment is affirmed.

Opinion approved by the Court.

---

1. Since this was the work product of the State, it would appear that this motion should not have been granted.