Roy WARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 47428.

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Rehearing Denied March 20, 1974.

Stark & Barnhart, Gainesville, for appellant.

**834**

Jerry Woodlock, County Atty., Gainesville, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of rape. His punishment was assessed at life imprisonment.

The record reflects that on the night of May 21, 1972, the prosecutrix went to her sister's house, 1005 East Scott, in Gainesville, which was unoccupied because prosecutrix's sister was vacationing. The prosecutrix was accompanied by her seven-year-old grandson. After putting her grandson to bed, she sewed and watched television until almost 2:00 A.M. at which time she heard a bumping noise. She went into the bedroom to check on her grandson. While leaving the bedroom and as she passed the door between the bathroom and bedroom, she saw a man squatted at the end of the bathtub.

The bathroom was lighted by two lights, one over the medicine cabinet and the other an overhead light. Both lights were burning that night and the bathroom was brightly lit. When the prosecutrix first observed the man squatted, she was only five (5) feet from him. She screamed and attempted to shut the bathroom door but he kicked it open, grabbed her, told her to be quiet and wrestled her onto the bed in the bedroom.

Prosecutrix and her grandson both pleaded with her assailant for him to go away and leave them alone, to which he answered with threats to prosecutrix and to her grandson. The assailant dragged prosecutrix off the bed onto the floor where he stood astraddle of her. Then the record reflects that the alleged act occurred.

The assailant then took ten or eleven dollars from prosecutrix and left after asking her whether she was going to give him any trouble over this.

After a short while, the prosecutrix called the police. Officer Bill Woods was the first officer on the scene to talk to prosecutrix and she described her assailant as having a walk and profile like Ester Ward, mother of appellant. She further described her assailant as being five foot and one or two inches in height, young, weighing around 135 or 140 pounds, wearing his hair about medium length, not close-cropped, and not an Afro, wasn't sure about whether he had a mustache or not, that he had on a pair of blue jeans with no shoes and no shirt.

At 6:00 A.M. on May 22, Officer Jones of the Gainesville Police Department became involved in the investigation of the rape. At approximately 8:00 A.M. on May 22, Jones interviewed prosecutrix and then at about 11:00 A.M. that same day he went back to her house to show her a group of photographs of a number of subjects. Out of the pictures she picked a side view of appellant as her attacker.

At approximately 1:00 P.M. on the 22nd of May, a lineup was held in the County Courthouse. The appellant was one of the persons in that lineup. All in the lineup were of appellant's race, approximate size and near his age, one being his brother. Prior to his appearance Officer Jones warned appellant of his rights concerning the lineup, and he was asked if he understood the rights as they had been explained to him and if he wanted to proceed without an attorney present. To this the appellant answered affirmatively. Appellant further signed a written waiver of his rights concerning the lineup. The prosecutrix asked to see appellant and his brother again after the lineup had been completed and then asked to have them repeat certain words. Appellant's brother repeated the words first and there was no response from the victim. When the appellant repeated the words she broke down and started crying because she stated that she knew that was the man who raped her.

The lineup occurred some eleven (11) hours after the rape.

Appellant's fourth, fifth and sixth grounds of error all concern the independent nature of the in-court identification of appellant by the prosecutrix.

More specifically, appellant contends that the in-court identification of appellant by the prosecutrix "was derived from a lineup;" that appellant "was without assistance of counsel at the time of the lineup and no evidence of intelligent waiver by the defendant was shown by the state;" and finally that the "identification of the defendant . . . was derived and pertained to photographic 'mug shots' identification."

The grounds of error will be considered jointly.

The record reflects that appellant filed a motion to suppress any evidence by the prosecuting witness which would identify or tend to identify the appellant. A hearing was had on appellant's motion in the absence of the jury prior to trial. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842. At this hearing the prosecutrix testified that appellant was the person who was in hiding in the well-lighted bathroom and who subsequently raped her, basing this recognition on her confrontation with him at the time of the offense. It was further established that prosecutrix also identified appellant from a group of mug shots, and subsequently went into hysterics after she identified appellant's voice as opposed to appellant's brother's voice.

■ Compelling appellant merely to appear for observation by a prosecution witness prior to trial involves no compulsion of the accused to give evidence having testimonial significance. It is compulsory of the accused to exhibit his physical characteristics, not compulsion to disclose any knowledge he might have. United States v. Wade, 388 U.S. 218, 222, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Kirby v. Illinois,

406 U.S. 682, 687, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972).

■ We conclude that the record supports the trial court's denial of the motion to suppress the in-court identification of appellant. The prosecutrix unequivocally identified appellant as being the man whom she saw in the brightly lit bathroom and who raped her. She identified a "mug shot" of appellant a few hours after the rape. Finally, she visually identified number 2, appellant's number in the lineup, and after hearing his voice prosecutrix became hysterical. This voice identification was competent evidence. Locke v. State, Tex. Cr.App., 453 S.W.2d 484.

■ Appellant's contention as to his right to counsel at the lineup is without merit. At the time of the lineup no charges against appellant had been filed. His right to counsel had not attached. Kirby v. Illinois, supra; Evans v. State, Tex.Cr.App., 499 S.W.2d 123; Turner v. State, Tex.Cr.App., 486 S.W.2d 797. Furthermore, the record reflects that appellant voluntarily executed a waiver of his right to counsel at the lineup.

■ Appellant's final identification ground concerns the exhibition of photographs to the prosecutrix. We have reviewed the record and note that the photographs were all similar to the description of appellant. The photographs were shown to the victim only nine hours after the offense, and nothing in the record reflects that the procedure used by Officer Jones was so impermissibly suggestive to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Henriksen v. State, Tex.Cr.App., 500 S.W.2d 491; Benson v. State, Tex.Cr.App., 496 S.W.2d 68; White v. State, Tex.Cr.App., 496 S.W.2d 642. See also United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

Appellant's third, fourth, fifth and sixth grounds of error are overruled.

Appellant's first three grounds of error deal solely with the sufficiency of the evidence and will be considered jointly.

■ We have reviewed the aforementioned evidence including the unequivocal identification of appellant by the prosecutrix, and, having determined that the identification procedures employed by the State were in no way tainted, we conclude that the evidence is sufficient to support the jury's verdict. See Brookins v. State, Tex.Cr.App., 499 S.W.2d 320; Satterwhite v. State, Tex.Cr.App., 499 S.W.2d 314.

Appellant complains in his seventh ground of error that "the court erred in failing to grant defendant's requested instruction on mistaken identity."

■ We fail to find any evidence in the record to require the submission of such an instruction. Appellant did not testify at the trial. The prosecutrix gave the police a description of appellant after the rape. She also identified appellant on three other occasions; the photograph, the lineup and at the trial. The court's charge affirmatively required the jury to find beyond a reasonable doubt that appellant committed the offense before he could be convicted. The jury was further instructed that if it had a reasonable doubt as to appellant's guilt it should acquit. The court did not err in failing to instruct the jury as requested by appellant.

Appellant contends in his eighth ground that "the court erred in its granting an indiscriminate excuse to veniremen from service."

■ The record reflects that appellant objected and moved to quash the entire jury panel. After the court had overruled his motion to quash the panel, appellant's counsel made no effort to attach the absent jurors in compliance with Articles 35.01, 37.07, Vernon's Ann.C.C.P. Consequently, appellant is not entitled to complain with respect to excusing such prospective jurors. Parker v. State, Tex.Cr.App., 457 S.W.2d 638. See also Stephenson v. State, Tex.Cr.App., 494 S.W.2d 900.

Appellant's ninth contention is that the "court erred in overruling defendant's challenge for cause of venireman Pat Ware."

Appellant perfected by bill of exception venireman Ware's statements that he had once been the foreman of a grand jury and that he believed that an indictment was some evidence of guilt. The court conducted a voir dire of Ware at which time Ware stated that he could set aside the idea of an indictment being evidence of guilt and follow the court's charge to that effect.

■ While the record reflects that appellant exercised a peremptory challenge as to Ware and that he used all of his peremptory challenges, appellant has failed to show that he was forced to accept an objectional juror or that he made any request for any additional peremptory challenges after he had exhausted his peremptory challenges.

We stated in Story v. State, 502 S.W.2d 764 (1973), quoting Bell v. State, 137 Tex. Cr.R. 401, 129 S.W.2d 664, as follows:

"To warrant a reversal it must be shown not only that a sufficient challenge for cause was overruled and that the defendant exhausted his peremptory challenges, but also that one or more objectionable jurors sat in the case. If an objectionable juror was not forced upon the defendant the overruling of a challenge for cause is not reversible error even though the appellant was required to exercise a peremptory challenge in order to excuse the juror."

See, also, Sifford v. State, 505 S.W.2d 866 (Tex.Cr.App.1974).

Appellant's ninth ground of error is overruled.

Appellant's tenth ground of error contends that "the court erred in quashing subpoena obtained by defendant for jurors upon the hearing of defendant's amended motion for new trial."

■ The motion for new trial alleged that at the punishment stage there was jury misconduct as evidenced by a note which indicated that the effects of probation were discussed by the jury. It is well established that a motion alleging jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts. Story v. State, supra; Walker v. State, Tex.Cr. App., 440 S.W.2d 653.

■ In the absence of a proper pleading alleging jury misconduct the trial court did not err in quashing the subpoena of the jury panel. Mason v. State, Tex.Cr.App., 459 S.W.2d 855. See also Stephenson v. State, Tex.Cr.App., 494 S.W.2d 900.

Appellant's tenth ground of error is overruled.

Appellant's eleventh contention is that the court erred in denying appellant's motion for change of venue because of racial bias and prejudice.

■ The record reflects that appellant filed a written motion for change of venue; however, the motion was not supported by the affidavit of at least two credible persons, residents of the county where the prosecution was instituted, as required by Article 31.03, V.A.C.C.P. The court did not err in overruling the motion. Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728. Cf. Flores v. State, Tex.Cr.App., 493 S.W.2d 785.

Appellant's eleventh ground of error is overruled.

Appellant's final ground of error is that the trial court erred in allowing the county attorney to testify as to a judgment of a prior conviction over objection that the testimony was not the best evidence and was hearsay.

The record reflects that at the punishment stage, as a part of appellant's prior criminal record, the State introduced an indictment charging appellant with assault with intent to rape, and a signed order of the court, a copy of which appellant acknowledged receipt, reciting the jury's verdict of appellant's guilt, assessing punishment at nine years, and recommending probation. This order suspended imposition of sentence, placed appellant on probation, and set forth the statutory terms of his probation.

In addition, the county attorney, who was present at the prior trial, testified to appellant's conviction and probated sentence.

■ The court did not err in permitting the county attorney to give such evidence, Jones v. State, Tex.Cr.App., 500 S.W.2d 661, especially since the order of conviction and probation was in evidence, and the evidence of the signed order and of the county attorney was sufficient to prove the prior conviction as a part of appellant's prior criminal record. Article 37.-07, V.A.C.C.P.; Jones v. State, supra. The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.