**Melvin DeWayne HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47973, 47974.**

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied May 29, 1974.

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant was convicted in a joint trial with three codefendants in our cause number 47,973 (trial court number C–72–602–JL) of robbery, and in our cause number 47,974 (trial court number C–72–603–JL) of rape. The jury assessed punishment in each cause at confinement in the Texas Department of Corrections for one hundred (100) years.

There is no challenge to the sufficiency of the evidence.

The record reflects that at approximately 10:30 p. m. on the evening of December 26, 1971, the complaining witnesses, a young man and a young woman, were parked in an uninhabited area of Dallas County when their attention was directed to a 1955 yellow Chevrolet experiencing mechanical difficulty. The young man, on request from the occupants of the Chevrolet, repaired the auto and it left the scene. Shortly thereafter, the Chevrolet returned and the six occupants, the appellant being one, robbed the young man and raped the young woman.

In his first two grounds of error appellant contends the trial court erred in

failing to suppress the complaining witnesses' in-court identification of him because the pretrial identification procedures in which the complainants participated were impermissibly suggestive and gave rise to a substantial likelihood of misidentification.

Prior to trial the court conducted a hearing in the jury's absence to determine the admissibility of the identification testimony of the complainants as recommended in Martinez v. State, 437 S.W.2d 842 (Tex. Cr.App.1969). At the hearing the complainants testified they recognized the appellant in court because they remembered him from the night of the offense. Each testified that each was in the presence of the appellant for a period of time from one hour to one hour and a half. During that time they had ample opportunity to observe the appellant in sufficient light.

The record reflects no lineup participation by appellant for viewing by complainants, nor does the record show participation by this appellant in an examining trial of a co-defendant at which these complainants testified. Following the night of the offense, there is no evidence in this record that the complainants ever confronted the appellant personally prior to the day of trial.

There is no evidence of any discrepancy between a description given by the complainants and appellant's actual description, nor is there any evidence of an identification of another rather than this appellant, nor is there evidence of a failure of the complainants to identify this appellant on a prior occasion. We agree with the trial court in its ruling following the hearing:

"That any identification made of the defendant by D. T. or J. H. was not tainted by any lineup or showing of any pictures by any police officer or their agents. That said identification was made solely from seeing the defendant at the time of the said assault and from no other source, and the Court so holds." See Ward v. State, 505 S.W.2d 832 (Tex.

Cr.App.1974); Locke v. State, Tex.Cr. App., 453 S.W.2d 484.

The appellant's first two grounds of error are overruled.

Next the appellant contends the trial court erred in excluding evidence as to the prior unchaste character of the prosecutrix. The appellant did not testify. Two of the six indicted in the causes testified that neither of them heard the prosecutrix cry out or saw her offer any resistance. Each of these witnesses denied having sexual relations with the young woman; but testified the other five did have such relations.

We hold that such evidence does not raise the issue of consent. The evidence shows the rape was accomplished by six males overpowering a young woman. In light of all the circumstances the mere fact that the two co-indictees did not see resistance or hear any outcry is no evidence the prosecutrix consented to the act of intercourse by the appellant. Therefore, any evidence of the unchastity of the prosecutrix was inadmissible. Jackson v. State, 470 S.W.2d 201 (Tex.Cr.App.1971); Roper v. State, 375 S.W.2d 454 (Tex.Cr. App.1964).

The ground of error is overruled.

The fourth ground of error challenges the refusal of the court to grant appellant's motion for severance. He contends his prior convictions would prejudice him in a trial with co-defendants who had no prior criminal record. However, at the hearing on the motion for severance no evidence of the prior convictions was offered.

This ground of error was answered by this Court in Robinson v. State, 449 S.W. 2d 239 (Tex.Cr.App.1969):

"Even if it can be argued that appellant's motion was timely presented, no evidence was offered in support thereof as expressly required by Article 36.09, supra, and for this reason alone no error is presented."

The ground of error is overruled.

We have carefully considered all of appellant's grounds of error and overrule each. The judgments of the trial court are affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

GREEN, Commissioner.

Appellant seeks our further consideration of certain of his grounds of error.

The appellant says the pretrial photographic displays made by the police to the prosecutrix tainted her in-court identification. The appellant describes the identifications as follows:

"The prosecutrix was subjected to four picture spreads. The first occurred two weeks after the offense . . . There were two pictures and she identified Paul DeGrate. There were three other picture spreads, each consisting of six pictures of the six Defendants . . . . She knew that the pictures were of the six Defendants in this cause . . . The prosecutrix could identify only three of the six, one of which was the Appellant . . ."

Appellant relies on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968) and Coleman v. State, 505 S.W.2d 878 (Tex.Cr.App.1974). In Simmons the Supreme Court said:

". . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973, 18 L.Ed.2d 1199, and with decisions of other courts on the question of identification by photograph."

In Coleman the photographs shown the witness were of one suspect only; namely, the defendant, and the witness testified that the officer at the time told her "That is the boy." In the case before us the prosecutrix and her companion were shown six pictures of different suspects and one of the three each complainant identified was appellant. Moreover, the witness in Coleman stated she could not say she would have been able to identify the defendant without having seen the photograph. There is no indication in the record before us that the complainants were ever doubtful in their identification of appellant. As stated in the original opinion, both complainants positively identified appellant in court from their observation of him at the time of the offenses. They stated the light was sufficient for them to observe his features.

We hold, as we did in our original opinion, that the identification procedure was not impermissibly suggestive to the complainants as to which picture they should identify, nor did it result in a substantial likelihood of irreparable misidentification. Ward v. State, Tex.Cr.App., 505 S.W.2d 832; Henriksen v. State, Tex.Cr.App., 500 S.W.2d 491; Benson v. State, Tex.Cr.App., 496 S.W.2d 68.

Furthermore, error, if any, in the photographic identification process was rendered harmless in light of the unchallenged testimony of the State's witness Lonnie Green and one of the co-defendants, Victor DeGrate, each of whom testified that he was present with appellant and that appellant was one of the men who participated in the robbery and the rapes. Langham v. State, Tex.Cr.App., 473 S.W. 2d 515; Mason v. State, Tex.Cr.App., 472 S.W.2d 787; Smith v. State, Tex.Cr.App., 450 S.W.2d 618.

Appellant also points to his contention on appeal that a portion of the prosecutor's argument at the punishment stage was outside of the record and highly prejudicial. He complains because the original opinion

**610**

overruled this contention without any discussion of his ground of error.

During his argument, the prosecutor mentioned that appellant was not eligible for consideration of probation by the jury, and that he did not prove his eligibility. He stated further:

"You heard the other three Defendants get on the stand and tell you they had never been convicted of a felony. They do this in order to prove that they are fit subjects for probation."

Appellant's objection was:

"Judge, I'm going to object to this, his going into forbidden grounds, and he knows it."

The court overruled this objection, whereupon the prosecutor resumed his argument as follows:

"You will not—and I don't believe there is a probation form in the verdict form for Hawkins, so you're not to even—"

Appellant again objected on the ground that "this is illegal—" whereupon the court sustained the objection and instructed the jury "to disregard all of this" but overruled a motion for a mistrial.

The sole contention of appellant in his original brief and in his motion for rehearing as to this argument is that "the innuendo argument as to the prior convictions of appellant was wholly outside of the record and highly prejudicial and inflammatory."

This was a joint trial of four defendants. The other three defendants had each filed a motion for probation, and had each testified at the punishment stage so as to qualify for consideration of probation. The judge had instructed the jury on the requirements for probation. Appellant had not filed any such motion and had not testified.

While it may be argued that the prosecutor's statements may have been calculated to lead the jury to infer that appel-lant had been previously convicted of a felony, the statements, under the circumstances, do not reflect reversible error. They merely told the jury what it already knew from the evidence and the judge's charge. The trial court's instruction to the jury to disregard the prosecutor's comments was sufficient to protect appellant's rights. See Barrientez v. State, Tex.Cr. App., 487 S.W.2d 97; Terry v. State, Tex.Cr.App., 481 S.W.2d 870.

The motion for rehearing is overruled.

Opinion approved by the Court.