

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00190-CR

CHRISTOPHER JAMES HENSLEY                                      APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In a single issue, Appellant Christopher James Hensley appeals his felony theft conviction. We reverse the trial court's judgment, render a judgment of misdemeanor theft, and remand the case to the trial court for a new punishment trial.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

This is the case of the missing (evidentiary) link.

Hensley was charged with theft of property of less than $1,500 with two prior misdemeanor theft convictions. The two prior convictions alleged in the indictment were an October 6, 2006 conviction in the County Criminal Court No. 6 of Tarrant County, in cause number 0954704, and a July 1, 1998 conviction in County Criminal Court No. 7 of Tarrant County, in cause number 0684136.

At trial, the State offered into evidence four exhibits—State's Exhibits 4 and 5, which the trial court admitted into evidence and published to the jury, and State's Exhibits 6 and 7, which the trial court did not admit into evidence—that together form the crux of Hensley's complaint on appeal. State's Exhibit 4 is a certified copy of a July 1, 1998 theft conviction in cause number 0684136, listing "Christopher James Hensley" as the defendant. State's Exhibit 5 is a certified copy of an October 6, 2006 theft conviction in cause number 0954704, listing "Christopher James Hensley" as the defendant.

State's Exhibit 6 is an authenticated copy of a penitentiary packet containing fingerprints, a mug shot, and a copy of a February 15, 2010 judgment of conviction for possession of a controlled substance and theft with two previous convictions in cause number F42981 (the "F42981 conviction"), indicating that the defendant "Christopher James Hensley" pleaded guilty to the offense and pleaded true to the enhancement paragraphs. State's Exhibit 7 includes a certified copy of the same "F42981 conviction" found in State's Exhibit 6;

2

however, State's Exhibit 7 also contains a copy of the indictment from the "F42981 conviction," which lists two theft enhancement paragraphs—one alleging a prior theft conviction from October 6, 2006, in cause number 0954704, and the other alleging a prior theft conviction from July 1, 1998, in cause number 0684136.[2]

Granbury Police Detective Russell Grizzard, who fingerprinted Hensley on the morning of trial, testified that fingerprints are an accepted method in the scientific and law enforcement community to identify and classify people. Detective Grizzard then testified that he had reviewed State's Exhibits 6 and 7 that morning prior to testifying; that those types of documents are reasonably relied upon by fingerprint identifying experts in his field for forming opinions or inferences based on the subject of identity; that he had matched the fingerprints in State's Exhibit 6 to the fingerprints that he had taken from Hensley that morning; that the "F42981 conviction" in State's Exhibit 6 was the same conviction found in State's Exhibit 7; and that the case numbers listed in the enhancement paragraphs of the indictment in State's Exhibit 7 matched the case numbers of the convictions in State's Exhibits 4 and 5. Detective Grizzard opined that based on his review of the certified records, Hensley was the same

---

[2]Although State's Exhibit 6 contains identifiable fingerprints and mug shot photographs from the defendant's booking, the "F42981 conviction" in State's Exhibit 7 does not contain identifiable fingerprints, photographs, or a physical description of the defendant.

"Christopher James Hensley" that was listed on the judgments of conviction in State's Exhibits 4 and 5.[3]

During cross-examination, Detective Grizzard admitted that he had not used the fingerprints on State's Exhibits 4 and 5 to identify Hensley because they were too light and degraded. During redirect, Detective Grizzard stated that he had instead used the fingerprints in State's Exhibit 6, which he characterized as very good.

The State then called Granbury Police Officer Justin McGuire to the stand and asked him to review a document from the court's file titled "Indictment."[4] Officer McGuire testified that the case numbers listed in the indictment for the two prior convictions matched the case numbers, dates of judgment, name, offense, and courts listed on State's Exhibits 4 and 5.[5]

The jury found Hensley guilty as alleged in the indictment and assessed his punishment at ten years' confinement and a $10,000 fine, and the trial court entered judgment on the verdict. This appeal followed.

---

[3]Hensley repeatedly objected to Detective Grizzard's testimony that involved comparison to State's Exhibits 6 and 7 on the grounds that they were not admitted into evidence, but he did not object to Detective Grizzard's testimony falling outside the scope of rules of evidence 702, 703, or 705.

[4]We infer that the document Officer McGuire was asked to review was the indictment from the "F42981 conviction" found in State's Exhibit 7.

[5]Hensley's objection that Officer McGuire's testimony invaded the province of the jury by answering a question of fact for the jury to decide was overruled by the trial court.

4

### III. Sufficiency

In his sole issue, Hensley contends that the evidence was insufficient during the guilt-innocence phase of trial to prove his two prior misdemeanor theft convictions under penal code section 31.03(e)(4)(D). *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011 & Supp. 2013). Specifically, he argues as insufficient: "(1) the judgments themselves, unaccompanied by independent evidence tending to confirm identity; (2) the facially conclusory opinion of the State's fingerprint analyst; or (3) a comparison of cause numbers between the judgments and those listed in the indictment in the instant case[.]" Hensley further complains that rule of evidence 703 does not license an expert to give a wholly conclusory opinion in contravention of rule 702's sufficiency standards.

### A. Standard of Review and Applicable Law

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). We must consider all the evidence admitted at trial, even improperly admitted evidence, when performing a sufficiency review. *Winfrey*, 393 S.W.3d at 767; *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004). We must do so even in a case that we reverse and remand because of error in the admission of evidence. *Moff*, 131 S.W.3d at 490.

5

A person commits an offense under penal code section 31.03 if he unlawfully appropriates property with intent to deprive the owner of property. Tex. Penal Code Ann. § 31.03(a) (West 2011 & Supp. 2013). An offense under section 31.03 is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft. *Id.* § 31.03(e)(4)(D). When, as here, proof of a prior conviction is a jurisdictional element, the fact of the prior conviction, including the accused's identity, must be proven beyond a reasonable doubt. *See Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). "Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle." *Flowers*, 220 S.W.3d at 923.

The court of criminal appeals has consistently held that the State may establish the existence of a prior conviction by admitting certified copies of the judgment. *See Beck*, 719 S.W.2d at 209; *Paschall v. State*, 285 S.W.3d 166, 174–75 (Tex. App.—Fort Worth 2009, pet. ref'd). However, certified copies of a judgment are not normally sufficient standing alone to link the defendant to the

6

prior conviction, "even if the name on the judgment and sentence and in the pen packet is the same as the defendant in trial."  *Beck*, 719 S.W.2d at 210.  Rather, the State has the burden of proving that link by putting forth independent evidence showing that the defendant is the same person named in the previous convictions.  *See id.*  Typically, this link is proven by "admitting certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Corrections (n/k/a Texas Department of Criminal Justice—Institutional Division) records, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant."  *Paschall*, 285 S.W.3d at 174–75; *see Littles v. State*, 726 S.W.2d 26, 31–32 (Tex. Crim. App. 1987) (en banc, op. on reh'g).

While this may be the preferred and most convenient way of establishing a prior conviction and linking it to the defendant, the State may prove both of these elements in a number of different ways, including:  (1) the defendant's admission or stipulation, *see Bryant v. State*, 187 S.W.3d 397, 401 (Tex. Crim. App. 2005); (2) testimony by a person who was present when the defendant was convicted of the specified crime and can identify the defendant as that person, *see Jones v. State*, 500 S.W.2d 661, 664–65 (Tex. Crim. App. 1973); or (3) documentary proof (such as a judgment) included in the record that contains photographs or a detailed physical description of a named person where the accused was present in court for the fact finder to compare his appearance with that person described in the record.  *See Littles*, 726 S.W.2d at 31–32; *Flowers*, 220 S.W.3d at 922.

**B. Analysis**

Here, the State offered and the trial court admitted State's Exhibits 4 and 5, which were certified copies of prior judgments for theft offenses. However, neither of these exhibits contained an identifiable thumbprint, photograph, or physical description of the named defendant.

Attempting to link Hensley to the convictions in State's Exhibits 4 and 5, the State called Detective Grizzard as a fingerprint expert. He testified that he had reviewed State's Exhibits 6 and 7 that morning, that he had compared the fingerprints contained in State's Exhibit 6 with the ones he took from Hensley that morning, and that he had concluded that they were a match. He further testified that the "F42981 conviction" in State's Exhibit 6 was the same judgment of conviction found in State's Exhibit 7.[6] He then testified that the indictment in State's Exhibit 7 listed case numbers for two previous theft convictions that matched the case numbers of the convictions found in State's Exhibits 4 and 5.

Based on his review of the documents, Detective Grizzard opined that Hensley was the same individual as the person convicted in State's Exhibits 4 and 5. Thus, whether Hensley's conviction may stand depends on whether

---

[6]The record shows that Detective Grizzard's opinion that the conviction in State's Exhibit 6 was the same conviction found in State's Exhibit 7 was based solely on his comparison of the cause number contained on the copies of the judgment in each exhibit. Although he matched Hensley's fingerprints to the fingerprints contained in the pen packet (State's Exhibit 6), State's Exhibit 7 did not contain any identifiable fingerprint, photograph, or physical description capable of being used to identify Hensley as the person named in the conviction.

8

Detective Grizzard's testimony, standing alone, was sufficient to connect the judgments of conviction in State's Exhibits 4 and 5 to Hensley. *Cf. Human v. State*, 749 S.W.2d 832, 838–39 (Tex. Crim. App. 1988) (holding identity evidence sufficient when, despite "slight discrepancy" in the alleged cause number and proved cause number, jail record's fingerprints, photograph, and case number, fingerprint expert's testimony, and copy of the prior judgment proved that appellant was the person named in the prior judgment).

Neither party has directed us to any cases holding that an expert's opinion concerning documents not admitted into evidence, such as Detective Grizzard's, standing alone, is sufficient to connect the prior judgments of conviction to a defendant, and we have not found any. *See Prihoda v. State*, 352 S.W.3d 796, 808–10 (Tex. App.—San Antonio 2011, pet. ref'd) (comparing identity cases before concluding that evidence was insufficient to support prior conviction when no evidence was introduced to show that appellant's name was sufficiently unique to allow trial court to rely on it as an evidentiary link and officer's vague response to a single question about a prior DWI would not enable the trial court to link appellant to the prior conviction beyond a reasonable doubt); *cf. Flowers*, 220 S.W.3d at 924–25 (holding that a certified copy of a computer printout from the Dallas County Clerk and a copy of appellant's driver's license record were sufficient where the computer printout listed a prior DWI conviction and contained personal descriptors, such as the date of birth, address, and social security number, that matched the personal descriptors contained in appellant's driver's

9

license record); *Alvarez v. State*, No. 08-11-00063-CR, 2013 WL 2285862, at *14–15 (Tex. App.—El Paso May 22, 2013, pet. ref'd) (not designated for publication) (holding as sufficient the two misdemeanor judgments from prior convictions that each contained a fingerprint, the fingerprint card created that morning by the State's fingerprint expert, and the fingerprint expert's testimony that the fingerprints on the judgments matched the fingerprint card despite appellant's contention that the fingerprints on the judgment were smeared and illegible); *Rollins v. State*, No. 10-11-00455-CR, 2012 WL 3799222, at *4–5 (Tex. App.—Waco Aug. 30, 2012, pet. ref'd) (mem. op.) (holding that evidence of prior conviction in cause number 07-3676-9064-E was sufficient, even though the fingerprint on the judgment of conviction in that case was poor and expert was unable to compare it with the appellant's known fingerprints, because the other prior judgment in cause number F35919—which had sufficient fingerprints—referenced the guilty plea in cause number 07-3676-9064-E); *Goains v. State*, No. 09-09-00503-CR, 2011 WL 4537892, at *4–5 (Tex. App.—Beaumont Sept. 28, 2011, pet. ref'd) (mem. op., not designated for publication) (holding evidence sufficient to support prior conviction when, among other things, record contained certified copies of judgments with appellant's signature along with a signature exemplar from his fingerprint card, fingerprint expert testified that fingerprint on docket sheet included with one of the judgments belonged to appellant, and driving record linked through appellant's driver's license at the time of the arrest listed same birth date as docket sheet and same offenses); *Turnbow v. State*,

No. 02-09-00438-CR, 2010 WL 4486223, at *4–6 (Tex. App.—Fort Worth Nov. 10, 2010, no pet.) (mem. op., not designated for publication) (holding evidence of prior conviction sufficient when, even though judgment of conviction did not display an identifiable fingerprint, certified copy of order modifying probation in the same case had a fingerprint, which expert identified as appellant's, and certified DPS driving packet referenced part of same cause number and contained appellant's driver's license photo).

Here, the only evidence linking Hensley to the convictions in State's Exhibits 4 and 5 was Detective Grizzard's testimony about his review of State's Exhibits 6 and 7. State's Exhibit 6, which was not admitted into evidence, was the only exhibit containing an identifiable fingerprint or photograph that could be linked to Hensley by something other than his name or matching cause numbers. Moreover, State's Exhibit 6 does not contain any reference to the convictions in State's Exhibits 4 and 5. Instead, State's Exhibit 6 was used to link Hensley to State's Exhibit 7—also not admitted into evidence—which contained an indictment that referenced the two cause numbers of the convictions in State's Exhibits 4 and 5, but not a judgment with any identifiable fingerprints, photographs, or a physical description of the named defendant. Instead, the only thing linking Hensley to the judgment and indictment in State's Exhibit 7 was Detective Grizzard's testimony that the cause number of that judgment matched the cause number of the judgment in State's Exhibit 6.

11

In discussing the commonly utilized methods for establishing that a defendant has been convicted of a prior offense, the court of criminal appeals stated, "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Flowers*, 220 S.W.3d at 922. Here, the State attempted to "skin the cat" by the most commonly used method: admitting certified copies of a judgment and a sentence and authorized copies of the defendant's pen packet, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *See id.* at 921–22; *Beck*, 719 S.W.2d at 209; *Paschall*, 285 S.W.3d at 174–75. However, the State failed to properly effectuate this method and chose not to pursue an alternative avenue of linking Hensley to the prior convictions.

Detective Grizzard admitted that he was unable to compare the fingerprints on State's Exhibits 4 and 5 to Hensley's fingerprints taken the morning of trial. Further, State's Exhibits 4 and 5 do not themselves contain any identifiable information, such as photographs, fingerprints, or a physical description, that could be used to link Hensley to the judgments. The State chose not to call any witnesses who had personal knowledge that Hensley was the same defendant named in State's Exhibits 4 and 5, and Hensley provided no testimony that would link him to the judgments.[7] The cases cited by the State are factually distinguishable and do not address the circumstances in this case.[8]

---

[7]Hensley repeatedly refused to stipulate that he was the defendant named in the prior convictions. At one point, the prosecutor exclaimed, "I just don't see

how the defense can take advantage of this issue, make the State prove its case and then complain how the State's proving it, especially when the State is agreeing to stipulate to it." While the prosecutor appeared genuinely surprised by Hensley's refusal to stipulate to identity, the State has the burden of proving that a prior conviction exists *and* that it is linked to the defendant. *See Flowers*, 220 S.W.3d at 921.

[8]The State argues that Detective Grizzard's "expert opinion on a report not in evidence was *clearly* admissible" under *Martinez v. State*, 22 S.W.3d 504, 508 (Tex. Crim. App. 2000). While we recognize that facts or data relied on by an expert need not be admissible in evidence if they are the type reasonably relied on by experts in that particular field, *see* Tex. R. Evid. 703, *Martinez* does not stand for the proposition that an expert's opinion is "clearly admissible" simply because it can be based on inadmissible facts, and its facts are completely inapposite here. At Martinez's trial on a drug offense, a DPS lab supervisor testified that he reviewed his subordinates' report and then opined that the tested substance was cocaine. *Martinez v. State*, 993 S.W.2d 751, 753, 757–58 (Tex. App.—El Paso), *rev'd*, 22 S.W.3d at 509. The court of criminal appeals held that although the expert relied on another's report, which was not offered into evidence, to form his opinion, his testimony was merely his present opinion of the test results and thus not hearsay. *Martinez*, 22 S.W.3d at 508. In contrast, while Detective Grizzard's comparison of Hensley's fingerprints required "scientific, technical, or other specialized knowledge," the only portion of his testimony linking Hensley to State's Exhibits 4 and 5 was his statement that the case number in State's Exhibit 6 matched the case number in State's Exhibit 7, and that State's Exhibit 7 referenced case numbers matching those in State's Exhibits 4 and 5. The exercise of comparing case numbers does not require scientific, technical, or other specialized knowledge. *Cf.* Tex. R. Evid. 702; *Leonard v. State*, 385 S.W.3d 570, 582 (Tex. Crim. App. 2012) ("Rule 703 is not a conduit for admitting opinions based on 'scientific, technical, or other specialized knowledge' that would not meet Rule 702's reliability requirement."); *Vela v. State*, 209 S.W.3d 128, 135–36 (Tex. Crim. App. 2006) ("A jury should evaluate credibility, but unreliable evidence should never make it to the jury.").

And although the State argues that Detective Grizzard's testimony is indistinguishable from similar testimony offered by a county attorney for the purpose of proving prior convictions in *Ward v. State*, in that case, the State introduced an indictment and a signed court order indicating Ward had been placed on probation *and* called the county attorney present when the probation order was signed, who testified that Ward was the same person identified in the order. 505 S.W.2d 832, 837 (Tex. Crim. App. 1974). In contrast, Detective Grizzard was not involved in the convictions contained in Sate's Exhibits 4 and 5

Accordingly, based on the unique factual scenario present here and the State's failure to properly forge a link between Hensley and the two prior convictions, we sustain Hensley's sole issue.

## IV. Conclusion

Having sustained Hensley's sole issue, we reverse the trial court's judgment, render a judgment of misdemeanor theft,[9] and remand the case to the trial court for a new punishment trial.

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 15, 2014

---

nor personally familiar with Hensley's prior criminal history, having met Hensley for the first time that morning to take his fingerprints.  *Cf. id.*

[9]When a court of appeals concludes that evidence is insufficient to support a conviction, it may reform the judgment to reflect conviction of a lesser included offense if, as here, the evidence is sufficient to support conviction of the lesser included offense, even if the jury was not charged on the lesser included offense. *Bowen v. State*, 374 S.W.3d 427, 431–32 (Tex. Crim. App. 2012) (overruling *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999)); *see Thornton v. State*, No. PD-0669-13, 2014 WL 1302039, at *7 (Tex. Crim. App. Apr. 2, 2014); *Britain v. State*, 412 S.W.3d 518, 521–22 (Tex. Crim. App. 2013) (applying *Bowen*).