# NO. 12-18-00177-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *XAVIER TERRANCE MCCLOUD, APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Xavier Terrance McCloud appeals his conviction for sexual assault. In a single issue, Appellant contends the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

Appellant was arrested and charged by indictment with sexual assault of Jane Doe.[1] Appellant pleaded "not guilty" and the matter proceeded to a bench trial. The trial court found Appellant "guilty" as charged and sentenced Appellant to fifteen years confinement. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, Appellant argues that the victim's testimony is insufficient to support the trial court's verdict because it is inconsistent with the physical evidence.

**Standard of Review**

In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a

---

[1] We refer to the victim as Jane Doe because that is how she is referenced in the indictment.

criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.).

**Applicable Law**

A person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent. TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West Supp. 2018). The sexual assault statute lists several circumstances under which a sexual assault is without consent. *Id.* § 22.011(b). As is relevant to this case, a sexual assault is without the consent of the other person if the actor compels the other person to submit or participate by the use of physical force or violence. *Id.* § 22.011(b)(1).

Sexual assault is marked by the attacker's compulsion, not by the victim's resistance. *Gonzales v. State*, 2 S.W.3d 411, 415 (Tex. App.—San Antonio 1999, no pet.) (citing *Wisdom v. State*, 708 S.W.2d 840, 842–43 (Tex. Crim. App. 1986)). The degree of physical resistance by a victim does not render the evidence insufficient to prove the lack of consent. *Id.* Furthermore, the mere fact that a defendant did not see resistance or hear any outcry during the encounter is no

2

evidence that the complainant consented to the act. ***Hawkins v. State***, 509 S.W.2d 607, 608 (Tex. Crim. App. 1974).

**Analysis**

Appellant contends that the evidence is insufficient to support his conviction because Jane Doe's testimony is not credible. He further argues the evidence is insufficient to support a lack of consent.

At trial, the jury heard two versions of events. According to Appellant, on the night of the alleged assault, he left work and went to the bowling alley. After drinking two beers, he left and went to a store to buy cigarettes and beer. When he arrived home, he stopped to check his mailbox and saw Jane Doe. Appellant testified that Jane Doe asked him if he had any "rolling papers" so she could "roll up some cigarette butts." He went inside to check on his family and grabbed the papers out of the cabinet. When he gave Jane Doe the papers, he also told her that he had some methamphetamine. According to Appellant, Jane Doe agreed to exchange sex for the methamphetamine. Appellant testified that the sex was consensual and that Jane Doe never asked him to stop and did not cry out to a neighbor who walked out of his trailer during the intercourse. He further testified that the encounter happened in a standing position and not on the ground. When they finished, Appellant told Jane Doe that he did not have any methamphetamine and Jane Doe "got mad and said I know you're not doing this, this is going to be the last person you ever do this to . . . you're going to regret this ever happened." Appellant testified that he originally told the investigating detective that he did not have sex with Jane Doe because he was recently married and afraid of losing his family.

Jane Doe identified herself as the "Jane Doe" listed in the indictment and, contrary to Appellant's assertions, testified that the sexual intercourse was not consensual. Jane Doe testified that she has a history of drug use, including marijuana and methamphetamine. She testified that she smoked marijuana with her boyfriend, Corey Boyd, on the evening of the offense. She also testified that she and Boyd had sex within the hour prior to her encounter with Appellant. According to Jane Doe, she left Boyd's house around midnight. While on her way home, she saw Appellant at the mailboxes and Appellant asked her for "rolling papers." Jane Doe responded that she would have to check, and Appellant asked her to bring them to his house. When Jane Doe arrived at Appellant's home, he was outside, and she handed him the papers and engaged in a conversation. Jane Doe testified that she did not remember the exact content of the conversation;

however, the conversation turned sexual and Appellant "made it obvious that he was interested and that he wanted to do something." She stated that she made several excuses and tried to walk away from Appellant but he pulled or pushed her when she tried to leave. Jane Doe testified that Appellant attempted to kiss and fondle her and eventually tore her pants and shoved her to the ground. Appellant got on top of her, pulled her pants down, and "stuck it in." Jane Doe stated that Appellant had sex with her after she made it obvious that she did not consent and "he didn't stop until he was done." She further clarified that she meant that he put his penis inside her vagina and that he ejaculated inside of her. Jane Doe admitted that she did not yell or scream during the encounter and that Appellant did not threaten her.

After the incident, Jane Doe went to her home and sent a text message to Boyd telling him that "the neighbor forced himself on [her]." She testified that she was scared during the encounter. She further testified that she was afraid to call the police at first because she had smoked marijuana and did not want CPS to take her son away. However, Boyd convinced her that the police needed to be contacted. After speaking with a police officer at her home, she went to the sheriff's department to discuss the matter further. She subsequently went to Harold's House and underwent a SANE (sexual assault nurse examiner) exam. When confronted with her jeans from the night of the incident, Jane Doe confirmed that the zipper was broken and admitted they did not have any grass stains.

Boyd also testified, and his testimony was consistent with Jane Doe's. He testified that he did not witness the assault and that everything he knows of the incident was told to him by Jane Doe.

Detective Jeff Farmer with the Angelina County Sheriff's Department testified that he spoke with Appellant the morning following the incident. During that conversation, Appellant consent to a mouth swab and hair sample. Detective Farmer testified that Appellant told him that he came home from work, went outside to smoke some cigarettes, then got in bed and woke up to lights outside his home. Detective Farmer arrested Appellant after the DNA results matched Appellant's sample to the swabs taken from Jane Doe during her SANE exam.

As mentioned in Appellant's brief, the complainant testified that Appellant had sex with her without her consent. Because the testimony of the complainant alone, if believed, is sufficient to sustain a conviction, there appears of record some evidence upon which the trial court could conclude, beyond a reasonable doubt, that Appellant committed the crime for which he was

4

convicted. *See Franco v. State,* 339 S.W.3d 793, 794 (Tex. App.—Amarillo 2011, no pet.). Furthermore, it was the province of the trial court to determine which of the conflicting testimony to believe and which to reject. *See Hooper*, 214 S.W.3d at 13. The trial court reasonably could have rejected Appellant's testimony regarding his version of events and credited the testimony of Jane Doe, Boyd, and Detective Farmer. From their testimony and the DNA results, the court could have determined that Appellant forced Jane Doe to engage in sexual intercourse and that she did not consent.

After viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found, beyond a reasonable doubt, that Appellant intentionally or knowingly caused his penis to penetrate Jane Doe's vagina without her consent. *See* TEX. PENAL CODE ANN. § 22.011; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 912. Because the evidence is legally sufficient to support the verdict, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-18-00177-CR**

**XAVIER TERRANCE MCCLOUD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2016-0681)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*